■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL PENA, Appellant.—Judgment of the Supreme Court, Kings County (Beldock, J.), rendered September 11, 1981, affirmed *(see, People v Pellegrino,* 60 NY2d 636; *People v Harris,* 61 NY2d 9; *People v Kazepis,* 101 AD2d 816). Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PRICE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rigler, J.), rendered February 17, 1982, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), grand larceny in the third degree (two counts), and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although the testimony by Detective Houlihan concerning witness Dehaven Milian's prior identification of the defendant was improper bolstering *(see, People v Trowbridge,* 305 NY 471), the error of law was not properly preserved for appellate review. Defense counsel's belated motion for a mistrial made after the trial court struck the testimony in question from the record and gave the jury curative instructions and after two additional witnesses, one of whom was the defendant's witness, had testified, was not timely made as required by CPL 470.05 (2) *(see, People v Narayan,* 54 NY2d 106 112). In any event, had the issue been preserved, the clear and strong identification by two witnesses of the defendant as the gunman involved in the robbery, coupled with the lack of any significant probability that the jury would have acquitted the defendant in the absence of the improper testimony, would impel us to find that the error was harmless *(see, People v Bebee,* 105 AD2d 751; *see also, People v McMillian,* 56 AD2d 662, 663).

We find that the circumstances surrounding the pretrial lineup in which the defendant participated were fair and not violative of his due process rights. The defendant himself created the conditions which caused the police to turn him around bodily, and he thus waived his right to now claim error as a result *(see, People v Pilgrim,* 67 AD2d 1011).

Finally, there was sufficient evidence for a jury to find the defendant guilty of both of the counts of grand larceny in the third degree of which he was convicted. Weinstein, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.