■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO JENKINS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Sherman, J.), both rendered February 28, 1986, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts) and assault in the second degree, under indictment No. 5590/84, and robbery in the first degree and robbery in the second degree under indictment No. 5591/84, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Two separate robberies were considered at the defendant's trial. Each of the two victims of the first robbery, which took 5 to 8 minutes to complete, observed the defendant under good lighting conditions. One observed him at close range for a few seconds. The other engaged in a face-to-face struggle with him. The victim of the second robbery, held at gunpoint in daylight, also had ample opportunity to observe the defendant.

The defendant's counsel opened the door to redirect testimony by one of the victims concerning her identification of the defendant from photographs by cross-examining her on that subject (see, People v Giallombardo, 128 AD2d 547). It was, however, improper thereafter to permit testimony by a police officer concerning identification of the defendant from photographs by this victim and her covictim (People v Grate, 122 AD2d 853, lv denied 68 NY2d 1000; People v Trowbridge, 305 NY 471). Moreover, the officer's testimony concerning the circumstances surrounding the lineup could have been interpreted by the jury as an unofficial confirmation of the identifications of the defendant (cf., People v Grate, supra; but see, People v Lopez, 123 AD2d 360, lv denied 68 NY2d 915). In view of the clear and strong identification testimony, however, and the lack of probability that the jury would have acquitted the defendant in the absence of the improper testimony (see,

*People v Mobley,* 56 NY2d 584; *People v Price,* 120 AD2d 690), these "bolstering" errors were harmless.

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for our review *(see, People v Price, supra).* Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.