■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK COBB, Appellant.—Appeal by the defendant from a

judgment of the County Court, Suffolk County (Seidell, J.), rendered July 31, 1987, convicting him of robbery in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The evidence adduced at trial when viewed in the light most favorable to the People *(see, People v Benzinger,* 36 NY2d 29, 32; *People v Cleague,* 22 NY2d 363, 368), established the defendant's guilt beyond a reasonable doubt and excluded to "a moral certainty" every reasonable hypothesis but that of guilt *(People v Kennedy,* 47 NY2d 196, 202; *People v Benzinger, supra).* Two witnesses placed the defendant at the scene of the crime. The eyewitness Ort testified that the defendant was holding a gun before the victim was pulled from the car. Following the discharge of two gunshots, the defendant returned to the lighted car in which the eyewitness Ort had remained, while still in possession of the gun. Body, the other witness, who drove the getaway car, corroborated Ort's testimony of the defendant's involvement in the robbery. He also testified that he heard the defendant state to another participant that the gun had "just went off". The defendant's fingerprints were obtained from a beer bottle recovered at the scene of the crime. The witness Ort had testified that the defendant had been drinking from the beer bottle prior to the robbery.

We find that the circumstances surrounding the court-ordered lineup were fair *(see, People v Price,* 120 AD2d 690), and not violative of the defendant's constitutional right to counsel. The defendant, by refusing to cooperate, created the conditions wherein the officers had to conduct the lineup without the knowledge of the defendant or his counsel who was also present in the precinct. The eyewitness Ort was placed in a room in the precinct which enabled her to view the lineup procession as it came up from the basement and passed her on their way to the squad room. Ort testified that she had not observed the defendant's handcuffs and that the other participants also had their hands clasped behind their backs. The defendant's counsel who was present throughout the procession and kept the defendant in view, raised no issue of impropriety. As the defendant created the conditions which caused the unusual method of lineup identification he waived his right to claim error as a result *(see, People v Price, supra).*

We disagree with the defendant's contentions that the

court's charge differed from the theory of the crime charged in the indictment and thus impermissibly changed the theory of the indictment without fair notice to the defendant. The court defined one of the elements of robbery in the first degree in the manner set forth in the Penal Law which requires that the defendant *"or another participant"* possess a deadly weapon (Penal Law § 160.15). The indictment alleged that the defendant was armed with a loaded deadly weapon. However, the proof presented by the People at trial, in fact, did not vary from the allegations of the indictment *(see, People v Grega,* 72 NY2d 489), since prosecution witnesses testified without contradiction that it was the defendant who possessed the gun.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review (CPL 470.05 [2]), or without merit. Thompson, J. P., Eiber, Rosenblatt and Miller, JJ., concur.