■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY VAN HOOK, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J.), rendered April 2, 1990, convicting him of unauthorized use of a vehicle in the first degree, unauthorized use of a vehicle in the second degree, reckless endangerment in the first degree, reckless endangerment in the second degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly compelled him to attend a court-ordered lineup without the presence of counsel *(see, People v Settles,* 46 NY2d 154, 161). We disagree. The court's order, directing the defendant to appear in the lineup, was made after the defendant had engaged in obstructive and dilatory behavior, during which

he, while represented by counsel, refused to appear in a lineup, and, thereafter, discharged his attorney. Under the circumstances, the defendant's request to proceed *pro se,* and his having submitted two motions *pro se,* established that the defendant knowingly and intelligently waived his right to counsel *(see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178; *People v McIntyre,* 36 NY2d 10).

Furthermore, we find that the circumstances surrounding the court-ordered lineup were fair. The defendant, by refusing to cooperate, created the conditions which caused the police to hold him in place, and thus waived his right to claim error as a result *(see, People v Cobb,* 161 AD2d 721; *People v Price,* 120 AD2d 690). Additionally, we note that prior to the lineup, and when the defendant was under a court order to supply a hair sample for comparison purposes, the defendant shaved his head. In an effort to conduct the fairest possible lineup, the law enforcement authorities in charge placed stocking caps over all the lineup participants, including the defendant.

The defendant contends that the court erred in refusing to either dismiss the indictment or hold a hearing in response to his motion for dismissal on the ground that prosecutorial misconduct deprived him of a fair trial and due process of law. However, the facts set forth in the sworn affidavits and affirmations submitted to the trial court in connection with the defendant's motion to dismiss the indictment constituted a sufficient basis upon which the court could decide that motion without a hearing *(see, People v Gruden,* 42 NY2d 214; *People v Agosto,* 123 AD2d 637). The interview conducted by an investigator from the District Attorney's office of potential defense witnesses did not rise to a level of prosecutorial misconduct so as to deprive the defendant of a fair trial and due process of law *(see, People v Friedgood,* 58 NY2d 467, 470-472; *cf., People v McRoy,* 121 AD2d 566).

Upon our review of the record, we find that the defendant was not denied his statutory right to a speedy trial. The total time chargeable to the People is within the permitted six calendar months *(see, People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.