■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MOOLENAAR, Appellant. [616 NYS2d 590] —Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered January 17, 1992, convicting defendant, after jury trial, of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, and orders, same court and Justice, entered November 5, 1992 and October 15, 1993, denying defendant's motions to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Contrary to defendant's argument made for the first time on appeal, the trial court's instructions to the jury, which included a reference to defendant's "ultimate" testimony, did not violate defendant's right against self-incrimination. As defense counsel's opening statement pointedly advised the jury that defendant would testify, and indeed outlined defendant's proposed testimony, the trial court offered no information not already brought before the jury by defendant. Any possible prejudice to defendant emanating from his ultimate decision not to testify was obviated by the court's no adverse inference charge, which it is presumed the jury understood and followed (People v Davis, 58 NY2d 1102).

The court properly found, following inquiry at a CPL article 440 hearing, that a questioned computer generated police form did not constitute Rosario material, as it contained no actual pretrial statements of witnesses but only a digest of certain portions of preexisting recorded witness statements that had been turned over to the defense at trial (see, People v Woodside, 204 AD2d 168 [May 17, 1994]).

The court also properly denied defendant's additional CPL 440.10 motion regarding a jury note issue, on the ground that defendant did not raise this issue in his previous CPL 440.10 motion, although in a position adequately to do so (CPL 440.10 [3] [c]). In any event, the record indicates that the intent of the jury note in question was clear and properly interpreted by the court, and that the requirement that counsel be provided with the opportunity for meaningful input was satisfied (People v O'Rama, 78 NY2d 270, 278). In this connection, we note that the court did not abuse its discretion in denying

defense counsel's motion for recusal, as the court's knowledge of the matters at issue arose out of the performance of its adjudicatory function, and thus did not present a legal ground for disqualification *(People v Moreno,* 70 NY2d 403, 405-406). Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.