■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO GONZALEZ, Appellant. [641 NYS2d 5]

Defendant's cross-examination of one of the eyewitnesses opened the door to redirect testimony eliciting the fact that the two eyewitnesses had identified defendant to police after the shooting on the basis of a photograph (*People v Jenkins*, 133 AD2d 279, *lv denied* 70 NY2d 875). We note that this testimony also would have been admissible as proper background information explaining why police pursued defendant had it been introduced on direct (*People v Ford*, 195 AD2d 298, *lv denied* 82 NY2d 805). However, the door was not opened to evidence that the person who had provided police the photograph, but did not testify at trial, indicated by means of a pantomime that the defendant was the shooter (*People v Jenkins*, *supra*). Nor was the record sufficiently developed to allow introduction of that evidence as an excited utterance, there being an insufficient showing of both the witness's opportunity to observe the shooting (*People v Caviness*, 38 NY2d 227, 231-232), and the extent of his excitement (*People v Marks*, 6 NY2d 67, 73-77, *cert denied* 362 US 912; *People v Norton*, 79 NY2d 808, *affg* 164 AD2d 343). However, since the court ultimately instructed the jury to disregard the declarant's gesture, limiting instructions that defendant did not challenge, and since the evidence of guilt was overwhelming, the error was both unpreserved and harmless. Concur—Sullivan, J. P., Wallach, Kupferman and Tom, JJ.