**Julio GONZALEZ, Petitioner–Appellant,**

v.

**David L. MILLER, Superintendent, Eastern New York Correctional Facility, Respondent–Appellee.**

No. 99–2514.

United States Court of Appeals, Second Circuit.

Jan. 12, 2001.

---

Susan D. Fitzpatrick, Esq., Ossining, NY, for appellant.

Eleanor J. Ostrow, Assistant District Attorney; Robert M. Morgenthau, District Attorney, Morrie I. Kleinbart, Assistant District Attorney, of counsel, New York, NY, for appellee.

Present WALKER, Chief Judge, VAN GRAAFEILAND, Circuit Judge, and MARRERO,[1] District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Petitioner-appellant Julio Gonzalez appeals from the denial of his petition for a writ of habeas corpus entered against him by the District Court for the Southern District of New York (Shira A. Scheindlin, *District Judge* ). Gonzalez was convicted on October 7, 1991, in New York Supreme Court, New York County (Bookson, *J.*), following trial, of Murder in the Second Degree under N.Y.P .L. § 125.25[1], and was sentenced to an indeterminate term of twenty years to life. On direct appeal, Gonzalez argued that his Sixth Amendment right to confront witnesses against him was violated when the trial court permitted a police officer to testify that a nontestifying third party had indicated through gestures that Gonzalez had shot the murder victim. The Appellate Division affirmed, rejecting his claim as both unpreserved and harmless. *See People v. Gonzalez*, 225 A.D.2d 417, 418, 641 N.Y.S.2d 5 (1st Dep't 1996). Leave to appeal to the Court of Appeals was denied. *See People v. Gonzalez*, 88 N.Y.2d 936, 647 N.Y.S.2d 169, 670 N.E.2d 453 (1996).

This habeas petition, filed in the district court pursuant to 28 U.S.C. § 2254, raises the same Confrontation Clause claim that

---

1. The Honorable Victor Marrero of the United States District Court for the Southern District of New York, sitting by designation.

was rejected on direct appeal. The district court held that the habeas petition was procedurally barred because the Appellate Division found the claim unpreserved, and the petitioner had failed to allege cause or prejudice for the procedural default. We shall only summarize those facts most relevant to this appeal.

On July 10, 1989, shortly after Louis Paulino was shot, Police Officer Brattasiani arrived at the scene of the shooting. He testified at trial that a man, identified as José Gonzalez, approached him at the scene, handed him a photograph of the petitioner, and pointed to the scene of the shooting. José Gonzalez wrote petitioner Julio Gonzalez's name and address for the Officer. Because Officer Brattasiani did not understand Spanish, Brattasiani pantomimed a pistol with his hand and pointed to the photograph. José Gonzalez nodded his assent. Brattasiani then gave the photograph to his supervisor, Detective Small. Two other people, Cesar and Maria Perez, testified that they had witnessed the shooting. After Detective Small showed them the photograph separately, each identified the defendant as the shooter.

The trial court permitted the introduction of the testimony that Perez had been shown the photograph, and that José Gonzalez had nodded in assent to Brattasiani's pantomime, after defense counsel had "opened the door" by using the picture to discredit Maria Perez's testimony of her identification of petitioner at a subsequent line-up. Five days later, the trial court instructed the jury to disregard the pantomime testimony with the following instruction:

I now instruct you as follows, with respect to the testimony of Officer Brattasiani, that at the time that he came upon this incident ... he spoke with an individual by the name of Gonzalez, I charge you that you may only consider as evidence only those statements by Mr. Gonzalez—that's the individual who spoke with Mr. Brattasiani—which relate to the identification of the individual portrayed in the photograph that Mr. Gonzalez handed to Officer Brattasiani. Nothing else, no other conversation, no hand motion, no intimations, nothing else is to be considered by you, and any other testimony you must dismiss from your minds and disregard.

### I.

The district court determined that the issue of "whether or not the admission of [José Gonzalez's nodding in assent to Officer Brattasiani's pantomime] rises to the level of constitutional error, it can provide no basis for habeas review. The Appellate Division expressly held that the alleged error was both 'unpreserved and harmless.'" (citing *People v. Gonzalez*, 225 A.D.2d 417, 418, 641 N.Y.S.2d 5 (1st Dep't 1996)). Because the petitioner did not then allege cause for the non-compliance with a state procedural rule, and prejudice resulting from the alleged constitutional violation, *see Coleman v.. Thompson*, 501 U.S. 722, 747–48, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Roman v. Abrams*, 822 F.2d 214, 222 (2d Cir.1987), or a "fundamental miscarriage of justice," *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), the district court held that he was procedurally barred from raising the issue on habeas. We agree.

"[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default, and prejudice attributable thereto." *Id.* (citations omitted). Under *Harris*, "a procedural default does not bar consideration of a federal claim on ... habeas review unless the last state court rendering a judgment in the case

'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* at 263 (citing *Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985)).

Here, the Appellate Division's decision rested on a state procedural bar, which was clearly and expressly stated. The Appellate Division wrote: "[S]ince the court ultimately instructed the jury to disregard the declarant's gesture, limiting instructions that defendant did not challenge, and since the evidence of guilt was overwhelming, the error was both unpreserved and harmless." *People v. Gonzalez,* 225 A.D.2d at 418, 641 N.Y.S.2d 5. This statement was plainly adequate to announce that the petitioner's claim was procedurally barred. *See Glenn v. Bartlett,* 98 F.3d 721, 724 (2d Cir.1996).

Neither here nor in the district court has the petitioner asserted cause and prejudice for its procedural default. Nor does petitioner assert that the New York laws regarding preservation of error are not "firmly established." Nor does petitioner assert that he is actually innocent, which would permit habeas review notwithstanding petitioner's failure to assert cause and prejudice. *See Murray v. Carrier,* 477 U.S. 478, 496 (1986). Petitioner claims only that the Appellate Division improperly concluded that the error was not preserved. But the law is plain that in the absence of a showing of cause and prejudice, we may not review the merits of petitioner's claim in the face of a state procedural bar. *See Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000). While an exception to that rule exists if the petitioner can demonstrate a "fundamental miscarriage of justice," *Harris,* 489 U.S. at 262, or if the state procedural rule was not "firmly established and regularly followed," *Ford v. Georgia,* 498 U.S. 411, 423–24, 111 S.Ct.

850, 112 L.Ed.2d 935 (1991); *James v. Kentucky,* 466 U.S. 341, 348–49, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984), neither situation is present here.

■ A state court's finding of procedural default may be deemed "inadequate" if a reviewing court finds that determination is not supported by a "fair or substantial basis in state law." *Garcia v. Lewis,* 188 F.3d 71, 78 (2d Cir.1999). Here a fair or substantial basis existed, as the petitioner did not object to the court's curative instructions or move for a mistrial on the ground that the curative instructions were inadequate.

Because we find that the Confrontation Clause claim is procedurally barred, we do not reach petitioner's other claims. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.