People v Rodriguez (2004 NY Slip Op 50650(U))

[*1]

People v Rodriguez

2004 NY Slip Op 50650(U)

Decided on June 11, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 11, 2004

Supreme Court, Bronx County
THE PEOPLE OF THE STATE OF NEW YORK,
against
WILSON RODRIGUEZ, Defendant.
2920/1992

For the People of the State of New York: ROBERT T. JOHNSON, District Attorney, Bronx County, New York, BY: TRACY L. SILIGMUELLER, ESQ., Assistant District Attorney. Wilson Rodriguez, defendant Pro se.

Dominic R. Massaro, J.
Defendant, Wilson Rodriguez, was convicted by a jury on July 11, 1994, of Murder in the Second Degree (Penal Law § 125.25 [1]) and Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03). He was thereafter sentenced, as a second violent felony offender, to concurrent indeterminate terms of imprisonment of from twenty-five years to life and three and one-half to seven years, respectively. Defendant now moves, pursuant to Criminal Procedure Law § 440.10, to vacate his judgment of conviction. The motion is denied.[FN1]
Chronology
Defendant's conviction arose out of the March 16, 1992, murder of one Onesimo Liz. Prior to Defendant's arrest on March 19, 1992, three civilian witnesses, two of whom are Rebecca Cruz and Ineaballa Santiago, viewed police photo books that did not contain Defendant's photograph on either March 18 or 19, 1992. On March 19, 1992, either Ms. Cruz or Ms. Santiago informed the police as to Defendant's whereabouts and he was arrested later that day. Corporeal confirmatory identifications were then made by both. Later, in a pre-trial Wade/Payton hearing (see United State v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 [1967]; Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 [1980]), the court found that the referenced corporeal identifications were, in fact, confirmatory.
At his trial, positive in-court identifications of Defendant were made not only by Ms. [*2]Santiago and Ms. Cruz, but also by Michael Adams and John Ortiz, although neither had participated in any pre-trial identification procedures.
On February 27, 1997, the First Department affirmed Defendant's conviction, holding that:

Defendant's motion to suppress identification testimony was properly denied. Assuming defendant was arrested in his home without a warrant, in violation of Payton, (supra), . . . we find that the issue of attenuation was sufficiently developed on the hearing record, which supports the court's implicit finding that the confirmatory identifications were not tainted by such warrantless arrest. . . . In any event, any error in the court's ruling was harmless beyond a reasonable doubt. . . . Defendant's remaining contentions are without merit.
People v. Rodriguez, 236 A.D.2d 332, 333 (1st Dept. 1997), lv. denied, 89 N.Y.2d 1099 (1997).
Defendant's first CPL § 440.10 motion was marked submitted on November 12, 1998. He claimed that: (1) the People misrepresented the contents of a police report to the jury; (2) the People introduced into evidence an illegally obtained photograph of himself wearing gold rings; and (3) his attorney was ineffective. On February 18, 2000, the Court denied the motion on the ground that these claims were record based and "Defendant's prayer in this matter had earlier been submitted on appeal to the Appellate Division, First Department, which rendered a decision/remittitur on February 27, 1997, denying relief. Therefore, the issue again presented by Defendant to this Court has since been mooted." On June 22, 2000, leave to appeal this determination was denied.
On April 24, 2001, Defendant made his first Freedom of Information Law (hereinafter referred to as "FOIL") request to the Bronx District Attorney's Office (see Public Officers Law Article 6). After correspondence between the parties, on May 19, 2003, Defendant received two pages of photographs. The first page (hereinafter referred to as the "photo array") contains six arrest photographs, one of which is of Defendant. The second page is an arrest photograph of an unidentified individual taken on February 26, 1990. The People have provided evidence in their motion papers establishing that the photograph of Defendant in the array was his arrest photo in this case, which was taken on March 20, 1992. Therefore, this array could not have been prepared earlier, and, thus, the photograph could not have been included in any of the books viewed by Ms. Cruz and/or Ms. Santiago prior to Defendant's arrest. Defendant's sur-reply concedes that neither Messrs. Adams or Ortiz ever viewed this or any alleged photographic array; indeed, he provides various hearing and trial testimony establishing same.
Despite this conclusive documentary proof, Defendant subsequently made another FOIL request on May 27, 2003, in which he requested to know when the abovementioned photo array was conducted. In response, the People informed Defendant that "there is no information contained in the trial folder," and, in any event, it is incorrect to assume that the photograph was either arrayed or ever show to anyone. On January 23, 2004, Defendant filed a petition for relief pursuant to CPLR Article 78, requesting that the People disclose all of the information he requested in his initial FOIL request determined to be non-disclosable. The People filed a response stating that they would disclose said information with the witnesses names and [*3]identifying information redacted. This motion is currently pending before the Civil Division.
On October 10, 2000, Defendant filed a petition for a writ of habeas corpus in the Southern District of New York. He claimed that he received ineffective assistance of trial counsel, there was prosecutorial misconduct involving witness testimony, and that he "discovered evidence in the district attorney's files indicating that unduly suggestive procedures involving a photographic lineup led certain witnesses to falsely identify [him]." Rodriguez v. Portunodo, F.Supp.2d , 2003 WL 22966293, at *3 (S.D.N.Y. December 15, 2003). The Southern District, noting that our courts never had the opportunity to examine his last claim, found that it was unexhausted and ordered that Defendant's petition be stayed so that he could exhaust this last claim pursuant to a CPL § 440.10 motion.[FN2]
Defendant's Motion
Defendant claims that during the pretrial hearing, the prosecutor falsely claimed that "defendant's photograph was not within a photo-array shown to witnesses. . . . However, the defendant has recently discovered that his photograph was, in fact, within the photo-array shown to these witnesses. Therefore, the witnesses failed to identify him and the prosecutor failed to inform the defense of this exculpatory evidence" (see Defendant's motion, pp. 1-2)
Discussion
Initially, Defendant's motion is procedurally denied pursuant to Criminal Procedure Law § 440.10 (3) (c), which states that a court may deny a motion to vacate a judgment of conviction when "[u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so." See generally People v. Dominguez, 257 A.D.2d 511 (1st Dept. 1999), lv. denied, 93 N.Y.2d 872 (1999); People v. Moolenaar, 207 A.D.2d 711 (1st Dept. 1994), lv. denied, 84 N.Y.2d 1013 (1994).[FN3]
In the present case, Defendant did not make his first FOIL request for the alleged photo array at issue until April 24, 2001. This was almost seven years after his conviction, over two and one-half years after he filed his first CPL § 440.10 motion, and more than a year after that [*4]motion was decided. Consequently, Defendant's inability to obtain the photo array at issue prior to making his previous CPL § 440.10 motion was of his own making. See People v. Friedgood, 58 N.Y.2d 467 (1983) (defendant failed to use the required due diligence in bringing a CPL § 440.10 motion where there was a three-year delay in filing the motion from when he became aware of the relevant facts); People v. Degondea, 3 A.D.3d 148 (1st Dept. 2003) (six-year delay in filing CPL § 440.10 motion from when defendant became aware of the relevant facts is unjustifiable). Therefore, as he was in a position to raise this ground in his previous motion, it is denied pursuant to CPL § 440.10 (3) (c). See Dominguez, supra, at 512 ("court properly denied defendant's CPL § 440.10 motion . . . on the ground that defendant had filed a previous CPL § 440.10 motion and could have raised the issues set forth in the second application in the first but failed to do so"); Moolenaar, supra ("court . . . properly denied defendant's additional CPL § 440.10 motion . . . on the ground that [he] did not raise this issue in his previous CPL § 440.10 motion, although in a position adequately to do so").
In addition, Defendant's motion is also procedurally denied pursuant to Criminal Procedure Law § 440.30 (4) (c) and (d), which states that a court may deny a motion to vacate of judgment of conviction if "[a]n allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof; or . . . [a]n allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true."[FN4]
Here, The People have provided Defendant's arrest photo from this case, which was taken on March 20, 1992. This same photo was the one of Defendant used in the alleged photo array at issue. As Ms. Cruz and Ms. Santiago viewed the photo books and made their corporeal identifications of Defendant before this photo was taken, and, thus, before this array was created, it was clearly not in the photo books from which they did not make an identification. Therefore, Defendant has offered no evidence that the People committed any type of misrepresentation when they made such a claim on the record.
Furthermore, as only two other witnesses, that being Messrs. Adams and Ortiz, identified Defendant in court, the only relevance this alleged photo array could have to this matter would be if they viewed it and were unable to make a positive identification of Defendant from it; an event Defendant concedes never occurred. Therefore, this claim is likewise procedurally barred pursuant to CPL § 440.30 (4) (c) and (d), as it is conclusively refuted by unquestioned [*5]documentary proof and contradicted by court records. Moreover, there is no reasonable possibility that it is true. See Friedgood, supra, at 472 ("Defendant . . . failed to sufficiently allege that he was prejudiced by the alleged misconduct which, because it would have to be proven for defendant to succeed in having his conviction vacated, must be alleged."); Degondea, supra, at 503 ("[I]t has been authoritatively held that a showing of prejudice from an alleged constitutional error is required to warrant vacatur of a conviction pursuant to CPL § 440.10."); People v. Chapman, 202 A.D.2d 297, 298 (1st Dept. 1994) ("mere speculation regarding the possibility of prejudice would not support that granting of defendant's . . . motion"), lv. denied, 83 N.Y.2d 965 (1994).
ORDERED, that the defendant's motion to vacate his judgment of conviction is denied.
The foregoing constitutes the opinion and decision of the Court.
Dated: Bronx, New York
June 11, 2004
DOMINIC R. MASSARO,
Justice of the Supreme Court
Footnotes

Footnote 1:The Court declines to rule on the merits of the motion because it is procedurally barred pursuant to CPL § § 440.10 (3) (c) and 440.30 (4) (c) and (d). See Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 519 (2000); Stewart v. LeGrand, 526 U.S. 115, 119 S.Ct. 1018, 143 L.Ed.2d 196 (1999); Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1992); Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); Bennett v. Artuz, 199 F.3d 116 (2nd Cir. 1999), aff'd, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). 

Footnote 2:Defendant was also ordered to file the CPL § 440.10 motion within thirty days of its December 15, 2003 decision and then renew his habeas petition within thirty days after the state courts completed their review of this claim. See Portunodo, supra. Failure to meet both of these conditions would result in the Southern District vacating the stay nunc pro tunc and dismissing his petition. See Portunodo, supra. It is noted that Defendant's instant motion is dated February 13, 2004, and it was filed on March 23, 2004, sixty and ninety-nine days after the decision of the Southern District, respectively. 

Footnote 3:It is noted that several district courts in the Second Circuit have held that a dismissal of a CPL § 440.10 motion based on CPL § 440.10 (3) (c) constitutes an adequate and independent state ground barring habeas review. See Rosario v. Bennett, F.Supp.2d , 2002 WL 31852827 (S.D.N.Y. December 20, 2002); Jones v. Artuz, F.Supp.2d , 2002 WL 31006171 (E.D.N.Y. August 30, 2002), aff'd, F.3d , 2004 WL 628881 (2nd Cir. March 31, 2004); Ryan v. Mann, 73 F.Supp.2d 241 (E.D.N.Y. 1998), aff'd 201 F.3d 432 (2nd Cir. 1999); Witt v. Walker, F.Supp.2d , 1993 WL 330503 (S.D.N.Y. August 19, 1993), aff'd 35 F.3d 553 (2nd Cir. 1994). 

Footnote 4:The Court is not holding that Defendant's claims are denied either pursuant to CPL § 440.10 (3) (c) or CPL § 440.30 (4) (c) and (d), as in Tankleff v. Senkowski, 135 F.3d 235 (2nd Cir. 1998), and Reid v. Senkowski, 961 F.2d 374 (2nd Cir. 1992). Rather, the Court is relying on CPL § 440.10 (3) (c) and CPL § 440.30 (4) (c) and (d) as a conjunctive, rather than a disjunctive, holding. See Harris, supra; Gonzalez v. Miller, F.3d , 1 Fed.Appx. 71, 2001 WL 38248 (2nd Cir. January 12, 2001), cert. denied, 534 U.S. 918, 122 S.Ct. 267, 151 L.Ed.2d 195 (2001); Fama v. Commissioner of Correctional Services, 235 F.3d 804 (2nd Cir. 2000); Glenn v. Bartlett, 98 F.3d 721 (2nd Cir. 1996), cert. denied, 520 U.S. 1108, 117 S.Ct. 1116, 137 L.Ed.2d 317 (1997); Velasquez v. Leonardo, 898 F.2d 7 (2nd Cir. 1990).