■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY WHITE, Appellant. [836 NYS2d 416]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and or-

der of this Court, dated March 20, 1995 (*People v White,* 213 AD2d 572 [1995]), affirming a judgment of the Supreme Court, Kings County, rendered August 3, 1993. Assigned counsel has submitted a brief in which he moves to be relieved of the assignment to prosecute this application (*cf. Anders v California,* 386 US 738 [1967]).

Ordered that the application by the appellant for a writ of error coram nobis is denied; and it is further,

Ordered that counsel's application for leave to withdraw as counsel is granted (*cf. Anders v California,* 386 US 738 [1967]).

In consideration of the briefs submitted, and based upon our independent review of the matter, we agree that the application for a writ of error coram nobis has no merit. The appellant was not denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). In his application, the appellant contends that former appellate counsel was ineffective for failing to argue that he was denied his right to be present at several sidebar conferences during the trial. However, the record demonstrates that the sidebar conferences either involved purely legal matters, at which the defendant's presence was not required (*see People v DePallo,* 96 NY2d 437, 443 [2001]; *People v Rodriguez,* 85 NY2d 586, 590-591 [1995]; *People v McCrae,* 1 AD3d 612 [2003]), or matters in which there was no "potential for the defendant to meaningfully participate in the subject discussions" (*People v Fabricio,* 3 NY3d 402, 406 [2004]). None of the sidebar conferences "involved factual matters about which [the] defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (*People v Dokes,* 79 NY2d 656, 660 [1992]).

The remaining contentions raised by the defendant in his supplemental pro se brief are not properly before this Court on this application. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.