THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTY ADAMSON, Appellant. [15 NYS3d 452]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 28, 2012, convicting him of burglary in the first degree and assault in the second degree (two counts), upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 25 years on the conviction of burglary in the first degree and seven years on each conviction of assault in the second degree, followed by periods of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed on each conviction of assault in the second degree shall run concurrently with each other and consecutively to the sentence imposed on the conviction of burglary in the first degree; as so modified, the judgment is affirmed.

The defendant contends that the evidence in support of his conviction of burglary in the first degree was legally insufficient to establish the element that he remained in the subject dwelling unlawfully. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]) and, in any event, without merit. The defendant's further contention, raised in his pro se supplemental brief, that the evidence was legally insufficient because it was based on eyewitness identification testimony, is also without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Garvey*, 25 AD3d 808 [2006]; *People v Acosta*, 273 AD2d 318 [2000]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the

verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Under the circumstances of this case, the Supreme Court properly allowed the admission of evidence concerning the pretrial photographic identification of the defendant made by one of the two complainants. The evidence elicited at a suppression hearing established that the defendant had to be restrained during the lineup at which the complainants identified him due to his uncooperative behavior. Since the restraint of the defendant during the lineup could give rise to an inference that the lineup was suggestive, and the lineup identification made by the complainants was therefore unreliable, the People were properly permitted to counter this inference by introducing evidence of the prior photographic identification (*see People v Perkins*, 15 NY3d 200, 201-202 [2010]). The defendant's further contention that certain testimony of a detective regarding the photographic identification constituted improper bolstering is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see People v Tavarez*, 55 AD3d 932 [2008]; *People v Bryan*, 50 AD3d 1049, 1050 [2008]).

The defendant's contention, raised in his pro se supplemental brief, that he was denied his right to be present at several sidebar conferences during trial is without merit (*see People v White*, 41 AD3d 621, 622 [2007]; *see also People v Maynard*, 108 AD3d 781, 781 [2013]).

Contrary to the defendant's contention raised in his pro se supplemental brief, under the circumstances of this case, he was not deprived of his right to counsel during the lineup (*see People v Mitchell*, 2 NY3d 272, 274 [2004]; *People v Pena*, 242 AD2d 546, 547 [1997]; *People v Cobb*, 161 AD2d 721 [1990]).

In his pro se supplemental brief, the defendant contends that the prosecutor improperly interrupted him during his grand jury testimony and subsequently, at trial, improperly capitalized on this alleged misconduct by emphasizing inconsistencies between the defendant's grand jury testimony and his trial testimony on cross-examination. This contention is unpreserved for appellate review and, in any event, without merit (*see People v Meleance*, 52 AD3d 845, 845 [2008]; *People v Bethea*, 12 AD3d 454, 455 [2004]).

We also reject the defendant's claim, raised in his pro se supplemental brief, that reversal is warranted because of certain remarks made by the prosecutor on summation. There is no merit to the defendant's contention that the prosecutor's remarks impermissibly shifted the burden of proof to him. While the prosecutor's remark that the defendant told a "lie"

during his testimony was improper, it did not deprive the defendant of a fair trial (*see People v Almonte*, 23 AD3d 392, 394 [2005]). The remaining challenges to the prosecutor's summation remarks are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, those challenged remarks were proper responses to arguments made by defense counsel on summation or fair comment on the evidence (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Gonzalez*, 11 AD3d 558 [2004]; *People v Malave*, 7 AD3d 542 [2004]).

The defendant's contentions, raised in his pro se supplemental brief, regarding alleged *Brady* (*see Brady v Maryland*, 373 US 83 [1963]) and *Rosario* (*see People v Rosario*, 9 NY2d 286 [1961]) material that was not turned over to him pertain to matter dehors the record and, therefore, cannot be reviewed on direct appeal (*see People v Mallayev*, 120 AD3d 1358, 1359 [2014]; *People v Franklin*, 77 AD3d 676, 676 [2010]; *People v Helenese*, 75 AD3d 653 [2010]; *People v Valdes*, 66 AD3d 925 [2009]).

The defendant's further contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Dorcinvil*, 122 AD3d 874, 878 [2014] [internal quotation marks omitted]; *see People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Dorcinvil*, 122 AD3d at 878; *People v Maxwell*, 89 AD3d at 1109).

The defendant contends, in his pro se supplemental brief, that he was denied his constitutional and statutory right to a speedy trial (*see* CPL 30.20, 30.30). However, in this regard, the defendant has failed to provide a sufficient record, which precludes appellate review of his claim that he was denied the right to a speedy trial (*see People v Davison*, 92 AD3d 691, 692 [2012]; *People v Thomas*, 46 AD3d 712, 712-713 [2007]; *People v Santana*, 232 AD2d 663 [1996]).

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review (*see*

CPL 470.05 [2]) and, in any event, without merit. Balkin, J.P., Austin, Miller and Maltese, JJ., concur.