People v Vasquez (2018 NY Slip Op 00320)





People v Vasquez


2018 NY Slip Op 00320


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2011-11756
 (Ind. No. 3293/10)

[*1]The People of the State of New York, respondent, 
v
Abraham Angel Vasquez, also known as Juan Velazquez, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered December 1, 2011, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of a fair trial by the admission of certain evidence regarding whether he was a member of a gang is unpreserved for appellate review (see CPL 470.05[2]; People v Green, 110 AD3d 825, 826). In any event, any error in admitting such evidence was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 240-241).
The defendant's contention that he was unfairly prejudiced by several remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged remarks were proper responses to arguments made by defense counsel on summation or fair comment on the evidence (see People v Halm, 81 NY2d 819, 821; People v Adamson, 131 AD3d 701, 703).
Further, defense counsel's failure to move to redact the portions of the defendant's videotaped interview relating to the defendant's tattoos and to object to the prosecutor's remarks made during summation did not constitute ineffective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-714; People v Ramirez, 146 AD3d 987, 988; People v Manigat, 136 AD3d 614, 616; People v Ervin, 118 AD3d 910, 912).
Finally, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court