■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIETTE COLLINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered March 20, 1984, convicting her of manslaughter in the second degree, upon her plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant failed to raise her objections to the adequacy of her plea allocution in the court of first instance and, accordingly, has not preserved her claim for appellate review (see, *People v Pellegrino*, 60 NY2d 636). In any event, a guilty plea entered knowingly, voluntarily, and with knowledge of the consequences will not be vacated merely because the defendant was unwilling or unable to describe or admit to the underlying facts of the charged crime (see, *People v Harris*, 61 NY2d 9).

Since defendant received the sentence promised to her upon her plea of guilty, which sentence was less than a maximum for the crime charged, she has no basis to complain that the sentence was excessive (see, *People v Kazepis*, 101 AD2d 816).

Defendant's statements and the evidence seized as a result therefrom were admissible. After having invoked the right to remain silent, but not having invoked the right to counsel, a suspect may still change her mind and voluntarily make a statement which will be admissible where, as here, it does not result from inducement or encouragement on the part of the police (see, *People v Kinnard*, 62 NY2d 910; *People v Rivers*, 56 NY2d 476). Lazer, J. P., O'Connor, Niehoff and Kooper, JJ., concur.