■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DELGRIPPO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered June 17, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err in denying that branch of his omnibus motion which was to suppress the statements made by him to law enforcement officials on the basis that those officials did not "scrupulously honor" his decision to exercise his right to remain silent (see, *People v Kinnard,* 62 NY2d 910, 912). In fact, when the defendant indicated that he did not wish to speak to the officers involved, all discussions with the defendant ceased. It was not until several hours later, when the defendant initiated a conversation with one of the officers by offering to tell him where he hid the murder weapon if he were permitted to speak with his girlfriend, that the defendant made the statements he now seeks to suppress. On this record, the hearing court correctly concluded that those statements did "not result from inducement or encouragement on

the part of the police" *(People v Collins,* 114 AD2d 373, 374; *see, People v Burnett,* 99 AD2d 786), and, therefore, properly denied suppression on this basis. Moreover, there is nothing in the hearing record to substantiate the defendant's current claim that his statements were the result of threats by the police to the effect that they were going to arrest his girlfriend and take her infant daughter away from her.

Also without merit is the defendant's contention that the evidence adduced at trial was insufficient to establish beyond a reasonable doubt that the victim died as a result of the defendant's actions rather than by his own hands. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant stabbed the victim repeatedly, dragged him to the roof of their apartment building, and threw him to the ground below. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Given the circumstances surrounding the crime, and the defendant's criminal background, we find that the sentence imposed was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.