■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT PENNETTI, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered December 18, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's claim that the trial court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371), deprived him of a fair trial. The extent to which the prosecution should be allowed to use prior convictions to impeach the credibility of a defendant, should he testify, is a matter that is generally left to the sound discretion of the trial court *(see, People v Bennette,* 56 NY2d 142; *People v Sandoval, supra).* At bar, where the main issue was one of credibility, the trial court in its sound discretion, adopted a *"Sandoval* compromise", by which it allowed the prosecutor to ask the defendant, on cross-examination, whether the defendant had ever been convicted of a felony, with no further description of the crime revealed to the jury. "Although sodomy is not the type of crime which necessarily involves an act of dishonesty * * * it may * * * indicate a willingness or disposition by the defendant to voluntarily place 'advancement of his individual self-interest ahead of principle or of the interests of society' " *(People v Bennette, supra,* at 148, quoting *People v Sandoval, supra,* at 377) and was, therefore, probative on the issue of his credibility.

We also find that the improprieties which occurred during the cross-examination of the defendant did not deprive him of a fair trial. As for the prosecutor's summation, we find that it included comments that were inapt, insofar as they sought to instruct the jury on the burden of proof regarding entrapment. The court, however, upon objection, swiftly and correctly halted the prosecutor's remarks before they went too

far, told the jury to disregard the remarks, and that the task of instructing the jury fell to the court and not the prosecutor. Under the circumstances, reversal is not warranted (see, People v Ashwal, 39 NY2d 105; People v Broady, 5 NY2d 500). Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.