■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN MARSHALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered January 11, 1991.

Ordered that the appeal is dismissed *(see, People v Seaberg, 74 NY2d 1)*. Bracken, J. P., Sullivan, Harwood, Rosenblatt and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MAZUR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 10, 1990, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's failure to move to dismiss the indictment pursuant to CPL 30.30 based on the contentions he now advances renders these contentions unpreserved for appellate review *(see, People v Cedeno, 52 NY2d 847; People v Lieberman, 47 NY2d 931; People v Udzinski, 146 AD2d 245, 249; People v Champelle, 144 AD2d 378)*. In any event, a defendant is not entitled to the dismissal of the indictment against him on the ground that he was deprived of his right to a speedy trial pursuant to CPL 30.30 where his motion papers fail to demonstrate that there remain sufficient unexcused periods of delay to warrant a dismissal of the charges under CPL 30.30 *(see, People v Lomax, 50 NY2d 351; People v Cumberbatch, 171 AD2d 671; People v Brown, 167 AD2d 346)*. The court properly found that the defendant's conclusory assertion that more than six months had elapsed before the People had filed a valid indictment did not entitle him to the dismissal of the indictment pursuant to CPL 30.30. Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.