■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RICHARDSON, Appellant. [653 NYS2d 602] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 19, 1994, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that the hearing court properly denied that branch of his omnibus motion which was to suppress his oral statements. A suspect's invocation of his right to remain silent must be scrupulously honored *(see, People v Ferro,* 63 NY2d 316; *People v Perez,* 199 AD2d 427). However, a suspect, even after exercising his right

to remain silent, may change his mind and voluntarily make a statement *(see, People v Kinnard,* 62 NY2d 910). At bar, the statement made by the defendant after he had invoked his right to remain silent was completely spontaneous and, thus, admissible at the trial *(see, People v Perez,* 199 AD2d 427, *supra; People v Delgrippo,* 172 AD2d 685). There is nothing in the hearing record to suggest that the defendant made the statement in response to express questioning or its functional equivalent by any law enforcement official.

We further find that the robbery counts contained in the indictment were properly joined pursuant to CPL 200.20 (2) (c). Separate offenses are joinable in a single indictment and may be tried together when the offenses, as here, are defined by the same or similar statutory provisions and consequently are the same or similar in law *(see, People v Jenkins,* 50 NY2d 981; *People v Prezioso,* 199 AD2d 343; *People v Whethers,* 191 AD2d 526; *People v Brennin,* 184 AD2d 715; *People v Mack,* 111 AD2d 186).

The weapon possession charge was also properly joined under the same indictment pursuant to CPL 200.20 (2) (b), which provides that counts may be joined where "[e]ven though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first." Here, the gun which was recovered from the defendant at the time of his arrest on October 15, 1993, and which formed the basis of the weapon possession charge was identified by the victim of the September 1, 1993, robbery as the same gun which was taken from his taxicab when he was robbed by the defendant. Thus, the gun provided proof of the defendant's identity as the person who committed that robbery.

Nor did the trial court improvidently exercise its discretion under CPL 200.20 (3) in denying severance. There is nothing in the record to support the defendant's claim that he suffered actual prejudice as a result of the denial of his severance applications. The proof of each crime was presented separately, enabling the jury to segregate the evidence *(see, People v McNeil,* 165 AD2d 882, 883; *People v Martin,* 141 AD2d 854). His contention that the jury was unable to separately consider the evidence pertaining to each event is purely speculative *(see, People v Brennin, supra).*

The defendant's claim that the People failed to prove his

guilt of the crimes by legally sufficient evidence is unpreserved for appellate review (see, People v Gray, 86 NY2d 10; People v Bynum, 70 NY2d 858). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.