■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH ALLAH, Appellant. [725 NYS2d 659] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered December 19, 1996, convicting him of robbery in the first degree, robbery in the third degree (two counts), and attempted robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

From November 1994 to January 1995, the defendant carried out a succession of robberies and robbery attempts against women detraining at the Long Island Rail Road station in Great Neck. The defendant followed women from the train and, as they approached or once they were inside the vestibules of their residences, demanded their money and jewelry and threatened them with physical harm, in some instances while holding a weapon. Four of the women subsequently identified the defendant from showups, photographic arrays, or a lineup.

The hearing court properly found that the four women had independent sources for their in-court identifications of the defendant. They described their assailant's gender, race, age, height, build, facial hair, and clothing after observing him for a minimum of 20 seconds and in some cases for several minutes during face to face encounters in well-lit surroundings. Their descriptions were sufficiently detailed, and took place under circumstances in which the witnesses had the opportunity to observe so as to provide an independent source for in-court identifications (*see, People v Bouchereau,* 255 AD2d 389; *People v Adams,* 163 AD2d 318, 319; *People v Washington,* 111 AD2d 418; *cf., People v Garcia,* 255 AD2d 522).

The trial court properly denied the defendant's request for severance of the counts of the indictment. Similarities in the series of robberies and robbery attempts carried out in the same manner and area give rise to joinder for purposes of trial (*see,* CPL 200.20 [2] [c]; *People v Jenkins,* 50 NY2d 981; *People v Richardson,* 235 AD2d 502, 503).

The fact that the sentence imposed is greater than that which the defendant would have received had he accepted a plea offer does not establish the defendant's entitlement to a

lesser sentence (*see, People v Delgado,* 80 NY2d 780; *People v Durkin,* 132 AD2d 668, 669) or that the sentence imposed was excessive.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Santucci, J. P., Luciano, Feuerstein and Crane, JJ., concur.