■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO LIZARDI, Appellant. [724 NYS2d 899] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered August 14, 1996, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's *Sandoval* ruling, which permitted an inquiry into the facts underlying the defendant's three prior convictions to the extent necessary for impeachment purposes, was a provident exercise of discretion (*see, People v Walker,* 83 NY2d 455, 458; *People v Kelland,* 208 AD2d 954; *People v Pavao,* 59 NY2d 282, 292; *People v Sandoval,* 34 NY2d 371). There is no indication that the trial court failed to properly balance the relevant factors. The defendant's prior convictions and the underlying facts thereof showed a willingness on his part to place the advancement of his individual interests ahead of those of society and, consequently, were probative in evaluating his credibility on the witness stand (*see, People v Sandoval, supra; People v Pennetti,* 182 AD2d 647).

Contrary to the defendant's contention, he was not deprived of his right to present a defense by the trial court's refusal to allow defense counsel to introduce evidence of prior drug activity at the premises where the defendant was arrested. The record clearly shows that, far from precluding the defense counsel from introducing evidence of drug activity at the grocery store where the defendant was arrested, defense counsel was repeatedly invited by the trial court to submit any evidence he might have in proper form. However, the trial court properly precluded defense counsel's attempts to introduce evidence in the form of hearsay or unsworn testimony through his questions on cross examination.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.