■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER C. MCDANIEL, Also Known as COREY MCDANIEL, Appellant. [743 NYS2d 532] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered May 15, 2000, convicting him of assault in the first degree and assault in the second degree (two counts), upon a jury verdict, and sentencing him to a determinate term of imprisonment of 15 years on the conviction of assault in the first degree and determinate terms of imprisonment of five years each on the convictions of assault in the second degree, one of the five-year terms to run consecutively with the 15-year term, and the other five-year term to run concurrently with the 15-year term.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently; as so modified, the judgment is affirmed.

Certain of the prosecutor's questions during his cross-examination of the defendant and statements in his summation were improper. Under the circumstances, however, where the trial court, upon objection, immediately halted the prosecutor's questions and remarks, instructed the jury to disregard them, and gave curative instructions, reversal is not warranted (*see People v Pennetti,* 182 AD2d 647).

The trial court properly rejected the defendant's request to give a justification charge to the jury on the use of deadly physical force to prevent or terminate the commission of a burglary (*see* Penal Law § 35.20 [3]). Viewing the testimony in the light most favorable to the defendant (*see People v Watts,* 57 NY2d 299, 301), there is no reasonable view of the evidence from which the jury could have concluded that the complainants or their friends were attempting to commit or were committing a burglary (*see People v Bertone,* 213 AD2d 417).

The defendant's contention regarding the trial court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371), is without merit. The issues that the defendant states that he "continues to preserve here on appeal" which are addressed in various footnotes, but not otherwise addressed in his brief, have not been considered.

Contrary to the defendant's contention, the imposition of

consecutive sentences on the conviction of assault in the first degree and one of the convictions of assault in the second degree was not illegal. Those counts involved two different complainants, and there is no evidence that the offenses were committed through a single act or omission (*see* Penal Law § 70.25 [2]).

Likewise, there is no merit to the defendant's contention that his sentence was illegal under Penal Law § 70.25 (3). That section applies to definite sentences, not the determinate sentences which were imposed in this case.

However, we find the defendant's sentence to be excessive under the circumstances and modify it by directing that all the sentences run concurrently. Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.