■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VERNON, Appellant. [757 NYS2d 493] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered April 11, 2001, convicting him of murder in the second degree, robbery in the first degree (two counts), robbery in the second degree (three counts), and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly denied the defendant's motion for

severance of the counts of the indictment. The motion was untimely, and the defendant did not demonstrate "good cause" for the untimeliness (*see* CPL 255.20 [3]; *People v Garcia,* 259 AD2d 630, 631 [1999]). In any event, the trial court providently exercised its discretion in denying the defendant's motion to sever the indictment. "Separate offenses are joinable in a single indictment and may be tried together when the offenses * * * are defined by the same or similar statutory provisions and consequently are the same or similar in law" (*People v Richardson,* 235 AD2d 502, 503 [1997]; *see People v Allah,* 283 AD2d 436 [2001]; *People v Jenkins,* 50 NY2d 981 [1980]).

Moreover, the defendant failed to show that he would be unduly and genuinely prejudiced by the joint trial of those charges, and failed to demonstrate in concrete terms that he had a strong need to refrain from testifying concerning the charges arising from some incidents, and important testimony to present concerning the other incidents (*see People v Telford,* 134 AD2d 632 [1987]; *People v Cabrera,* 188 AD2d 1062, 1063 [1992]). Further, there is nothing in the record to support the defendant's claim that he suffered actual prejudice as a result of the denial of his severance motion (*see People v Richardson, supra* at 503). The proof of each crime was presented separately, enabling the jury to segregate the evidence (*see People v Richardson, supra*).

The defendant's remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.