■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SEASE, Appellant. [759 NYS2d 695] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered May 31, 2000, convicting him of robbery

in the first degree, robbery in the second degree, burglary in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as the individual who burglarized the victims' home. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's failure to base his statutory speedy trial claims on the specific contentions that he now advances on appeal, renders them unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brooks,* 292 AD2d 540 [2002]; *People v Mazur,* 186 AD2d 275 [1992]). In any event, the total time chargeable to the prosecution was less than the 182 days provided for by CPL 30.30 (1) (a). In addition, since the defendant failed to move for dismissal of the indictment on constitutional speedy trial grounds, his claim of error with respect thereto is unpreserved for appellate review (*see People v St. Gelais,* 245 AD2d 318 [1997]) and, in any event, is without merit.

The trial court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) was a provident exercise of discretion (*see People v Digirolamo,* 286 AD2d 775 [2001]; *People v Lizardi,* 283 AD2d 591 [2001]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.