THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAHMEL HOLLAND, Appellant. [843 NYS2d 457]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 10, 2006, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Seaberg*, 74 NY2d 1, 11 [1989]). The defendant's valid waiver of his right to appeal forecloses appellate review of his challenge to the Supreme Court's suppression determination (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Munford*, 37 AD3d 855 [2007], *lv denied* 8 NY3d 988 [2007]; *People v Smith*, 35 AD3d 769 [2006]; *People v Peoples*, 34 AD3d 503 [2006]; *People v Campbell*, 24 AD3d 463 [2005]), as well as the defendant's challenge to the Supreme Court's denial of that branch of his omnibus motion which was to dismiss the indictment pursuant to CPL 30.30 (*see People v Cabrera*, 254 AD2d 366 [1998]).

Further, the defendant's plea of guilty, itself, resulted in the forfeiture of his right to appellate review of the Supreme Court's denial of that branch of his omnibus motion which was to dismiss the indictment pursuant to CPL 30.30 (*see People v O'Brien*, 56 NY2d 1009 [1982]; *People v Suarez*, 55 NY2d 940 [1982]; *People v Friscia*, 51 NY2d 845 [1980]; *People v Cabrera*, 254 AD2d 366 [1998]; *People v Penna*, 203 AD2d 392 [1994]).

The defendant's claim of ineffective assistance of counsel, to the extent that it is premised on his attorney's alleged failure to investigate, involves matter dehors the record and not properly presented on direct appeal (*see People v Zimmerman*, 309 AD2d 824 [2003]; *People v Carlisle*, 272 AD2d 477 [2000]; *People v Boyd*, 244 AD2d 497 [1997]). The record otherwise fails to support the defendant's claim since it demonstrates that trial counsel rendered meaningful representation to the defendant at

all stages of the proceedings (*see People v Benevento*, 91 NY2d 708 [1998]). Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.