■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER THOMAS, Appellant. [847 NYS2d 160]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered May 8, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.

The court properly substituted itself for another Justice who had presided earlier in the trial, after stating that it had familiarized itself with the case, and that the original Justice was incapacitated due to an injury and was unable to return to the bench for at least one week. Although defendant requested a mistrial, raising other arguments, he did not preserve his present arguments that there was insufficient evidence of the original Justice's incapacity, and that there should have been a continuance rather than a substitution. We decline to review these claims in the interest of justice. Were we to review these claims, we would find them without merit. "[A] Judge may be substituted for another if the original Judge becomes incapaci-

tated during a jury trial, as long as the substitute indicates on the record the requisite familiarity with the proceedings and no undue prejudice occurs to the defendant or the People" (*People v Thompson*, 90 NY2d 615, 621 [1997]). The substituted Justice was entitled to rely on the original Justice's evaluation of his own incapacity, and a continuance would have resulted in unreasonable delay. Furthermore, defendant was not prejudiced by the substitution. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ.