■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD THOMAS, Appellant. [848 NYS2d 239]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 13, 2005, convicting him of burglary in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, assault in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that reversible error took place due to comments made by the prosecutor during cross-examination and summation. While we agree that some of the prosecutor's comments were improper, they constituted harmless error (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's challenge to the trial court's jury charge regarding burglary in the first degree is unpreserved for appellate review (*see People v Fenderson*, 203 AD2d 585, 586 [1994]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Graham*, 14 AD3d 887, 889 [2005]).

The defendant's failure to provide a sufficient record

precludes appellate review of his claim in point two of his supplemental pro se brief that he was denied the right to a speedy trial pursuant to CPL 30.30 (*see People v Santana*, 232 AD2d 663 [1996]). Consequently, the defendant's contention in point one of his supplemental pro se brief, that he was denied the effective assistance of counsel based upon a failure to make a speedy trial motion, cannot be determined on this record. There is no merit to the defendant's contention in points three and four of his supplemental pro se brief that his sentence was unconstitutional. Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.