■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BALRAM SINGH, Appellant. [875 NYS2d 553]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Quinn, J.), rendered May 25, 2006, convicting him of murder in the second degree, arson in the first degree (two counts), arson in the third degree, assault in the first degree, stalking in the third degree, and menacing in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it

was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Casey,* 37 AD3d 1113, 1114-1115 [2007]; *People v Brown,* 281 AD2d 700, 700-701 [2001]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The trial court properly denied the defendant's motion to sever the stalking and menacing counts from the remaining counts. The motion was untimely (*see* CPL 255.20), and the defendant failed to demonstrate good cause for the untimeliness (*see People v Vernon,* 304 AD2d 679 [2003]; *People v Garcia,* 259 AD2d 630 [1999]). In any event, the separate offenses were properly joinable in a single indictment pursuant to CPL 200.20 (2) (b), as the nature of the proof of the stalking and menacing counts was material and admissible as evidence upon the trial of the remaining counts (*see People v Laverpool,* 52 AD3d 622 [2008]).

The defendant was not denied the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Spolzino, J.P., Ritter, Miller and Balkin, JJ., concur.