▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL DAVISON, Appellant. [937 NYS2d 864]

The Supreme Court properly denied the defendant's motion to sever the counts related to the crime committed in 2006 from the counts related to the crimes committed in 2007. The motion was untimely (*see* CPL 255.20) and the defendant failed to demonstrate good cause for the untimeliness (*see People v Singh*, 60 AD3d 875, 876 [2009]; *People v Vernon*, 304 AD2d 679, 680 [2003]; *People v Garcia*, 259 AD2d 630, 631 [1999]).

The defendant's challenges to the allegedly prejudicial comments made by the prosecutor in his summation are unpreserved

for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Ashwal*, 39 NY2d 105 [1976]; *People v Singh*, 299 AD2d 498, 499 [2002]).

The defendant further claims that he was denied his constitutional right to a speedy trial (*see* CPL 30.20) and that the People were not ready for trial within the time prescribed by statute (*see* CPL 30.30). However, the defendant did not request dismissal of the indictment on those grounds before the Supreme Court and, therefore, these claims are not properly before this Court (*see People v Jordan*, 62 NY2d 825, 826 [1984]; *People v Hawkins*, 147 AD2d 587, 588 [1989]). In addition, the defendant has failed to provide a sufficient record, which precludes appellate review of his claim that he was denied the right to a speedy trial pursuant to CPL 30.30 (*see People v Thomas*, 46 AD3d 712, 712-713 [2007]; *People v Santana*, 232 AD2d 663 [1996]).

The defendant's contention regarding the completeness of the record on appeal should have been raised by the defendant prior to his direct appeal by way of a motion to resettle the record. Having failed to fulfill his duty to prepare and settle the record on appeal, he may not now urge that the record contained omissions and inaccuracies (*see People v Harden*, 40 AD2d 835, 835-836 [1972]; *People v Aurigemma*, 13 AD2d 792 [1961], *cert denied* 368 US 969 [1962]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.