Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered September 5, 1995, convicting him of murder in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Since the defendant never made a pretrial motion to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial, he waived his right to a dismissal on statutory speedy trial grounds (see CPL 210.20 [1] [g]; People v Lawrence, 64 NY2d 200, 203-204 [1984]). Furthermore, insofar as the issue is raised for the first time on appeal, the defendant’s contention that his constitutional speedy trial rights were violated is unpreserved for appellate review (see People v Jordan, 62 NY2d 825, 826 [1984]; People v Cedeno, 52 NY2d 847 [1981]; People v Davison, 92 AD3d 691, 692 [2012]; People v Sease, 305 AD2d 700, 701 [2003]; People v St. Gelais, 245 AD2d 318, 319 [1997]; People v Lee, 207 AD2d 415, 416 [1994]; People v Moss, 188 AD2d 620, 620-621 [1992]). “ ‘In any event, review of the constitutional issue[s] is precluded by the lack of an adequate record[,] which it was defendant’s burden to provide’ ” (People v Smith, 48 AD3d 1095, 1096 [2008], quoting People v James, 188 AD2d 296, 296 [1992]).
The defendant additionally contends that he was denied his right to the effective assistance of counsel with respect to plea negotiations. However, because the defendant’s claim is based on matter dehors the record, it cannot be reviewed on direct appeal (see People v Johnson, 64 AD3d 792, 793 [2009]; People v Sloane, 59 AD3d 745 [2009]; People v LeGrady, 50 AD3d 1059, 1060 [2008]; People v Shemack, 46 AD3d 582, 583 [2007]).
The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Hall, Cohen and Miller, JJ., concur.
Cross motion by the respondent on an appeal from a judgment of the Supreme Court, Kings County, rendered September 6, 1995, to strike Point II of the appellant’s brief and the appel *821 lant’s appendix on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated February 8, 2013, the cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the cross motion is granted, and Point II of the appellant’s brief and the appellant’s appendix are deemed stricken and have not been considered in the determination of the appeal. Rivera, J.E, Hall, Cohen and Miller, JJ., concur.