■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. WORTHY, Appellant. [30 NYS3d 260]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Quinn, J.), rendered September 4, 2013, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By pleading guilty, the defendant forfeited appellate review of his claim of ineffective assistance of counsel that did not directly involve the plea negotiation process (*see People v*

*Zeigler*, 128 AD3d 737, 738 [2015]; *People v McGuire*, 122 AD3d 947, 948 [2014]). Furthermore, the defendant's waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Tarrant*, 114 AD3d 710, 711 [2014]; *People v Gomez*, 114 AD3d 701, 702 [2014]). To the extent that the defendant contends that his counsel's conduct affected the voluntariness of his plea (*see People v Devino*, 110 AD3d 1146, 1147 [2013]), his contention is based, in part, on matter appearing on the record and, in part, upon matter appearing outside the record, and thus constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Haywood*, 122 AD3d 769, 770 [2014]; *People v Crawford*, 106 AD3d 832, 834 [2013]).

The defendant's claim that his constitutional right to a speedy trial was violated survives both the entry of his plea of guilty and the waiver of his right to appeal (*see People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Franco*, 104 AD3d 790, 791 [2013]; *People v Grandberry*, 223 AD2d 723 [1996]). However, since the issue is raised for the first time on appeal, the defendant's contention is unpreserved for appellate review (*see People v Jordan*, 62 NY2d 825 [1984]; *People v Card*, 107 AD3d 820 [2013]; *People v Davison*, 92 AD3d 691, 692 [2012]; *People v Sease*, 305 AD2d 700, 701 [2003]). In any event, review of this constitutional issue is precluded by the lack of an adequate record, which was the defendant's burden to provide (*see People v Card*, 107 AD3d at 820; *People v Smith*, 48 AD3d 1095, 1096 [2008]; *People v James*, 188 AD2d 296, 296 [1992]). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.