■ The People of the State of New York, Respondent, v Keyan Price, Appellant. [52 NYS3d 649]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered October 22, 2014, convicting him of attempted sex trafficking, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record demonstrates that he knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *cf. People v Black*, 144 AD3d 935, 935-936 [2016]). The defendant's valid waiver of his right to appeal precludes appellate review of his claim that the sentence imposed was excessive (*see People v Helmus*, 125 AD3d 884 [2015]; *People v Farmer*, 123 AD3d 735 [2014]; *People v Kelly*, 121 AD3d 713, 713 [2014]).

The defendant's challenge to the denial of his statutory speedy trial motion, raised in point I of his pro se supplemental brief, is precluded by his valid waiver of the right to appeal (*see People v Zeigler*, 128 AD3d 737, 738 [2015]; *People v Kidd*, 100 AD3d 779, 779 [2012]; *People v Holland*, 44 AD3d 874, 874 [2007]). Moreover, by pleading guilty, the defendant forfeited his right to appellate review of the statutory speedy trial claim (*see People v Zeigler*, 128 AD3d at 738; *People v Franco*, 104 AD3d 790, 790 [2013]; *People v Kidd*, 100 AD3d at 779; *People v Holland*, 44 AD3d at 874).

The defendant's claim that his constitutional right to a speedy trial was violated, raised in point II of his pro se supplemental brief, survives both the entry of his plea of guilty and the waiver of his right to appeal (*see People v Worthy*, 138 AD3d 1042, 1043 [2016]). However, the claim is unpreserved for appellate review, since he failed to move to dismiss the indictment on that ground and raises the issue for the first time on appeal (*see People v Card*, 107 AD3d 820, 820 [2013]). In any event, as the People correctly contend, review is precluded by the lack of an adequate record, which was the defendant's burden to provide (*see People v Worthy*, 138 AD3d at 1043; *People v Thomas*, 128 AD3d 440, 440-441 [2015]; *People v Card*, 107 AD3d at 820).

The defendant's contention that the Supreme Court erred in denying his motions to controvert the People's second felony of-

fender statement, raised in point III of his pro se supplemental brief, is without merit. The Supreme Court properly denied the motions on the ground that this Court, in affirming a prior judgment convicting the defendant, previously found the basis for the motions to be without merit (*see People v Price*, 256 AD2d 596 [1998]). The defendant's contention that the Supreme Court erred in denying his motion to redact the presentence investigation report, raised in point IV of his pro se supplemental brief, is barred by his valid waiver of the right to appeal (*see People v Conley*, 135 AD3d 1238, 1238 [2016]; *People v Abdul*, 112 AD3d 644, 645 [2013]).

The defendant's nonjurisdictional claims that the indictment was factually insufficient and that the counts were duplicitous, raised in point V of his pro se supplemental brief, are precluded from appellate review by his valid appeal waiver (*see People v Palladino*, 140 AD3d 1194, 1195 [2016]; *People v Jackson*, 129 AD3d 1342, 1342-1343 [2015]). Rivera, J.P., Austin, Miller and Barros, JJ., concur.