People v Mandes (2019 NY Slip Op 00145)





People v Mandes


2019 NY Slip Op 00145


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2013-06421
 (Ind. No. 1510/13)

[*1]The People of the State of New York, respondent,
v
Jose Mandes, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, Joyce Adolfsen, and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sheryl L. Parker, J.), rendered June 13, 2013, convicting him of course of sexual conduct against a child in the second degree (two counts), sexual abuse in the third degree, and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence, raised in his main brief, is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends in his main brief that certain testimony from the sister, the mother, and the father of the victims regarding the circumstances surrounding one of the victim's outcry and the events leading to the criminal investigation, as well as testimony from a detective regarding the defendant's arrest, constituted improper bolstering. This contention is only partially preserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contention is without merit. The challenged testimony elicited from the sister was properly admitted under the prompt outcry exception to the rule against hearsay (see People v McDaniel, 81 NY2d 10, 17; People v Evangelista, 155 AD3d 972, 972-973; People v Caban, 126 AD3d 808, 808-809), and the challenged testimony from the mother, the father, and the arresting detective was properly admitted for the purpose of completing the narrative and explaining the investigation (see People v Ludwig, 24 NY3d 221, 231; People v Mehmood, 112 AD3d 850; People v Rosario, 100 AD3d 660, 661; People v Ragsdale, 68 AD3d 897, 897-898).
The defendant's contention in his main brief that the Supreme Court erred in [*2]admitting into evidence photographs of the victims is unpreserved for appellate review (see CPL 470.05[2]; People v Texidor, 123 AD3d 746, 745) and, in any event, without merit. The court providently exercised its discretion in admitting into evidence photographs depicting the victims at ages 8 and 11, respectively, when the sexual abuse was alleged to have occurred, in order to illustrate each victim's age and appearance, and to corroborate expert testimony regarding the "imbalance of power" which existed between the defendant and the victims (see People v Stevens, 76 NY2d 833, 835; People v Matthews, 142 AD3d 1354; People v Khan, 88 AD3d 1014, 1015).
The defendant contends in his pro se supplemental brief that his statutory and constitutional rights to a speedy trial were violated. Since the defendant never made a pretrial motion to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial, he waived his right to dismissal on statutory speedy trial grounds (see CPL 210.20[1]; People v Lawrence, 64 NY2d 200, 203-204; People v Card, 107 AD3d 820). Furthermore, insofar as the issue is raised for the first time on appeal, the defendant's contention that his constitutional speedy trial rights were violated is unpreserved for appellate review (see People v Jordan, 62 NY2d 825, 826; People v Card, 107 AD3d 820). In any event, upon review of the record, we find that the defendant was not denied his constitutional right to a speedy trial (see People v Taranovich, 37 NY2d 442; People v Metellus, 157 AD3d 821).
The defendant was not deprived of the effective assistance of counsel. Viewing the record in its totality, the defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708). While the defendant contends that his trial counsel was ineffective for failing to move to dismiss the indictment on statutory speedy trial grounds, the argument cannot be fairly characterized as clear-cut and dispositive in the defendant's favor (see People v McGee, 20 NY3d 513, 518), so as to render defense counsel ineffective for failing to make such a motion.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court