People v Morales (2019 NY Slip Op 02722)





People v Morales


2019 NY Slip Op 02722


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2012-09054
 (Ind. No. 3032/08)

[*1]The People of the State of New York, respondent,
v
Joel Morales, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano and Eric C. Washer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered September 19, 2012, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Evidence of uncharged crimes is inadmissible when it is proffered solely to establish an accused's propensity to commit a crime (see People v Agina, 18 NY3d 600, 603; People v Arafet, 13 NY3d 460, 464-465; People v Alvino, 71 NY2d 233, 241; People v Fiore, 34 NY2d 81, 84). However, such evidence may be received to establish an element of the charged crime, or because it is relevant to some other material issue in the case (see People v Dorm, 12 NY3d 16, 19; People v Alvino, 71 NY2d at 241; People v Lewis, 69 NY2d 321, 325; People v Allweiss, 48 NY2d 40, 46-47; People v Molineux, 168 NY 264, 291-294). If the proffered evidence is probative of a relevant issue, the court must then engage in a discretionary balancing of its probative value and the need for the evidence against the potential for prejudice to the defendant (see People v Morris, 21 NY3d 588, 595; People v Dorm, 12 NY3d at 19; People v Alvino, 71 NY2d at 242; People v Ventimiglia, 52 NY2d 350, 359; People v Allweiss, 48 NY2d at 47). Here, the challenged evidence was relevant to the defendant's motive, provided necessary background information, and placed the charged conduct in context (see People v Dorm, 12 NY3d at 19; People v Till, 87 NY2d 835, 836-837; People v Diaz, 158 AD3d 639; People v Williams, 27 AD3d 673). Moreover, the probative value of this evidence outweighed its potential for prejudice (see People v Dorm, 12 NY3d at 19). [*2]Accordingly, the Supreme Court providently exercised its discretion in admitting the subject evidence.
The defendant's challenges to the Supreme Court's limiting instruction with respect to the People's Molineux evidence are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. The court's limiting instruction, which was timely given and was repeated during the court's final charge to the jury, "ensured that the evidence was used in the proper fashion, and for the proper purpose" (People v Delarosa, 84 AD3d 832, 834).
The defendant's contention that certain challenged testimony constituted improper bolstering is unpreserved for appellate review, as the defendant did not object to the testimony on this ground (see CPL 470.05[2]; People v Garcia, 165 AD3d 976, 976-977; People v Moore, 89 AD3d 769, 769-770; People v Bryan, 50 AD3d 1049, 1050). In any event, the challenged testimony was properly admitted and did not constitute improper bolstering (see People v Spicola, 16 NY3d 441, 452-453; People v Buie, 86 NY2d 501, 510-511; People v Moore, 89 AD3d at 769-770). The defendant's claim of ineffective assistance of counsel based on his attorney's failure to object to the purportedly bolstering testimony is without merit (see People v Cutting, 150 AD3d 873, 875; People v Smith, 135 AD3d 970, 971; People v Watson, 121 AD3d 921, 922).
The defendant's contention that the Supreme Court erred in precluding his attorney from questioning an eyewitness about an alleged inconsistent omission of fact made by him in the grand jury proceeding is without merit. Under the circumstances of this case, the court providently exercised its discretion in limiting the cross-examination of the eyewitness (see People v Girald, 112 AD3d 650; People v Reynolds, 83 AD3d 1098, 1099; People v Selman, 55 AD3d 638, 638-639).
The defendant's contention that certain comments made by the prosecutor in summation were improper and deprived him of a fair trial is largely unpreserved for appellate review (see CPL 470.05[2]; People v Kaval, 154 AD3d 875, 876). In any event, the contention is without merit. The challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), a fair response to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396, 399), or not so egregious as to have deprived the defendant of a fair trial (see People v Wilson, 163 AD3d 881).
The defendant's contention that he was denied due process by the substitution of another trial judge during jury deliberations is unpreserved for appellate review (see People v Artist, 95 NY2d 944, 945; People v Thomas, 45 AD3d 483, 483-484). In any event, the contention is without merit, as is the defendant's claim that his attorney was ineffective for failing to object to the substitution.
The defendant's contention that he was deprived of his constitutional right to due process and a speedy trial by reason of the lapse of approximately 44 months between his arrest and the commencement of the trial is unpreserved for appellate review (see People v Price, 150 AD3d 1153, 1153; People v Worthy, 138 AD3d 1042, 1043; People v Card, 107 AD3d 820) and, in any event, without merit (see People v Wiggins, 31 NY3d 1, 9-10; People v Decker, 13 NY3d 12, 14-15).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court