People v Williams (2023 NY Slip Op 06389)

People v Williams

2023 NY Slip Op 06389

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-12771
 (Ind. No. 133/18)

[*1]The People of the State of New York, respondent,
v
Tyreik Williams, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina and White & Case LLP [S. J. Calum Agnew and Douglas R. Jensen of counsel; Chloe Edmonds and Joshua Howard on the brief], of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Timothy Pezzoli), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered October 3, 2019, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements he made to law enforcement officials.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees; as so modified, the judgment is affirmed.
Following a hearing, the Supreme Court denied those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements he made to law enforcement officials. The defendant was convicted, upon a jury verdict, of criminal possession of a weapon in the second degree. The defendant appeals.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Rhames, 196 AD3d 510, 511-512 [internal quotation marks omitted]). "Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Brown, 198 AD3d 803, 805). "The credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Henderson, 197 AD3d 663, 664).
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. At the hearing, the court found that the testifying officer credibly testified that, on the date at issue, he observed the handle of a gun in the defendant's pocket as the defendant walked near him. This observation justified the police pursuit and arrest of the defendant (see People v Edwards, 222 AD2d 603, 604). Contrary to the defendant's contention, the officer's testimony in this regard was not manifestly untrue, physically impossible, contrary to [*2]experience, or self-contradictory, nor was it patently tailored to nullify constitutional objections (see People v Whyte, 208 AD3d 1189, 1190).
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials. The statement made by the defendant after he had invoked his right to remain silent was completely spontaneous and, thus, admissible at the trial (see People v Richardson, 235 AD2d 502, 503). No record evidence suggests that the defendant made the statement in response to express questioning or its functional equivalent by any law enforcement official (see id. at 503).
Contrary to the defendant's contention, the Supreme Court properly discharged a certain juror from the panel (see CPL 270.35[1]; People v Paige, 134 AD3d 1048, 1054-1055; People v Cannady, 138 AD2d 616, 616-617).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). However, as consented to by the People, we modify the judgment by vacating the surcharges and fees imposed on the defendant at sentencing (see People v Dickerson, 201 AD3d 731; People v Dyshawn B., 196 AD3d 638).
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court