People v Runko (2025 NY Slip Op 50820(U))

[*1]

People v Runko (Christopher)

2025 NY Slip Op 50820(U)

Decided on May 1, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 1, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2021-485 S CR

The People of the State of New York, Respondent,
against
Christopher C. Runko, Appellant. 

Heilig Branigan LLP (Michael J. Miller of counsel), for appellant.
Suffolk County District Attorney (Pilar O'Rourke of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (James A. Saladino, J.), rendered July 15, 2021. The judgment convicted defendant, upon a jury verdict, of forcible touching, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with forcible touching (Penal Law § 130.52 [1]). At a jury trial, the complainant's testimony established that, while defendant was giving her a medical massage, defendant repeatedly rubbed her breasts and inserted his fingers into her vagina. The jury found defendant guilty as charged, and the District Court sentenced defendant to 60 days' incarceration and six years' probation. On appeal, defendant contends, among other things, that the verdict was against the weight of the evidence and that he was denied the effective assistance of counsel. 
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]).
A person is guilty of forcible touching "when such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person . . . for the purpose of gratifying the actor's sexual desire" (Penal Law § 130.52 [1]). Penal Law § 130.05 [*2](2) (c) provides that "[w]here the offense charged is sexual abuse or forcible touching," lack of consent results from "any circumstances, in addition to forcible compulsion or incapacity to consent, in which the victim does not expressly or impliedly acquiesce in the actor's conduct."
Upon a review of the record, we find no basis to disturb the jury's guilty verdict. "While the victim never protested the contact, the absence of a verbal protest by the victim does not compel a finding that she impliedly acquiesced in the sexual contact to which she was subjected by defendant" (People v Kahl, 54 Misc 3d 138[A], 2017 NY Slip Op 50145[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2017] [internal quotation marks omitted]). Contrary to defendant's contention, there was no acquiescence, either express or implied, before the acts were committed by defendant.
We further find, under the circumstances presented, that the sentence imposed was neither harsh nor excessive, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]).
On appeal, "this court is asked to decide the claims of ineffective assistance of counsel by resorting to supposition and conjecture rather than a thorough evaluation of [the] claim based on a complete record" (People v Rivera, 71 NY2d 705, 709 [1988]). Since defendant's counsel did not make a motion to dismiss the information on speedy trial grounds, the record on appeal is inadequate to make a determination of defendant's ineffective assistance claim and, thus, it may not be addressed on a direct appeal from the judgment of conviction. This issue is properly raised through a CPL article 440 motion(see People v Thomas,46 AD3d 712 [2007]; People v Obert, 1 AD3d 631, 632 [2003]; but see People v O'Day, 200 AD3d 1495 [2021]).
Finally, defendant's remaining contentions are either unpreserved or without merit.
Accordingly, the judgment of conviction is affirmed. 
GARGUILO, P.J., and WALSH, J., concur.
McCORMACK, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 1, 2025